## Phillips to use *v.* Henry, Assignee, Appellant.

*Duress—Assignment of chose in action—Evidence.*

An assignment of a chose in action by a debtor to a creditor will not be
set aside on the ground of duress where the assignment was the result of
a threat by the creditor to arrest the assignor, but the evidence did not
show that there was any arrest of the person, or process of arrest, or pros-
ecution for any criminal offence instituted, or that there was any officer of
the law ready to arrest, and that the threat was not made directly to the
debtor, but to a friend who communicated it to him.

*Duress—Assignment for benefit of creditors—Parties.*

An assignee for the benefit of creditors has no standing to plead duress
of his assignor for the purpose of setting aside an otherwise legitimate
transfer of property made by the assignor to pay an honest debt.

Argued Feb. 1, 1894.   Appeal, No. 258, Jan. T., 1894, by defendant, Louis B. Henry, assignee for benefit of creditors of Marshall A. Phillips & Co., from judgment of C. P. Montgomery Co., March T., 1893, No. 87, on verdict for plaintiff, Marshall A. Phillips, trading alone as Marshall A. Phillips & Co., to use of Haverhill Safe Deposit & Trust Co.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.

Assumpsit.   Interpleader.

The court gave binding instructions for plaintiff and afterwards overruled a motion for a new trial, in the following opinion by WEAND, J.:

"Marshall A. Phillips, trading as Marshall A. Phillips & Co., having a claim against the Swedeland Manufacturing Co., assigned the same to the use of Haverhill Safe Deposit Co. Phillips & Co. subsequently made a general assignment for the benefit of creditors to Louis B. Henry.   The Swedeland Manufacturing Co., admitting the indebtedness, petitioned the court for leave to pay the amount into court, which was done, and an issue framed to determine which of the rival claimants was entitled to the fund.   It was not denied that the assignment to the Haverhill Safe Deposit Co. was for a debt justly due them, but it was sought to defeat the assignment because Marshall A. Phillips had been coerced into making it by threats of arrest for a criminal offence committed in another state.   It appears that he was heavily indebted to eastern creditors, and that he had obtained credit or goods from them under false representations as to his financial condition.   Hearing that he was about to or had assigned his property, his attorney and confidential clerk were informed that, unless the eastern creditors were preferred, Phillips would be arrested on a criminal charge.   They so informed Phillips and advised him to make this with other assignments of claims.   Thus far the facts are not disputed.

"After hearing the testimony we were of opinion that the allegation of duress was not sustained, for several reasons.

"Duress exists when one, by the unlawful act of another, is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will: 6 Am. & Eng. Ency. of Law, page 57.

" In this case there was no arrest of the person, no warrant of arrest and no seizure of the goods or lands. Phillips was not examined as a witness and the only evidence of constraint was the testimony of the lawyer and clerk that they had told Phillips of his threatened arrest and advised him to do what was requested of him. We fail to see in this that Phillips was not a free agent. Non constat that the threat had any effect upon him or that the advice of his friends did not move him to act. The mere fact that he made the assignment of claim does not prove that he was deprived of the exercise of his will. An honest man owing a debt might wish to prefer one creditor to another, even under threats. There was therefore nothing to submit to the jury upon this point, and if the matter had been submitted there would have been no testimony upon which to base a finding that Phillips' mind had been so acted. upon as to coerce him. He is not here to make the defence. His assignee for the benefit of the general creditors, even if we concede his standing, is not in a position to make the defence without showing such a condition of affairs as Phillips would be compelled to do were he making the contest for himself. We think therefore that upon this ground alone the direction was proper.

· " Another reason which moved us was that as Phillips was guilty of an offence for which he was liable to arrest, and which could have been compromised legally, the threat was that of a lawful arrest, and under the law this does not constitute duress.

" In Story on Contracts, § 400, it is said: ' A threat by a party that he will cause another to be imprisoned is not such duress as to avoid a contract, unless the menace be of unlawful imprisonment.' A threat to do a legal act, or to subject the party to the legal consequences of a refusal to make an agreement is not duress. Citing 7 N. H. 494; Eddy v. Herrin, 17 Me. 338.

" Parsons on Contracts, page 393, says: ' Duress by threats does not exist wherever a party has entered into a contract under the influence of a threat, but only where such a threat excites a fear of some grievous wrong, as of death or great bodily injury, or unlawful imprisonment.'

" In Walbridge v. Arnold, 21 Conn. 431, CHURCH, C. J.,

said: 'Nor had the defendants good cause of complaint that the judge charged the jury that a lawful arrest and detention, where there is no abuse of process, was no duress.   This is an elementary principle.'

" In Compton v. Bunker Hill Bank, 96 Ill. 301, it was held that a threat of a lawful arrest of a husband for a crime actually committed by him does not constitute such duress as will relieve the wife from her contract to indemnify the person injured.

" In New York the same rule prevails.   In Life Ins. Co. v. Meeker, 85 N. Y. 614, ' the fact that a woman is induced to act by representations that such action is all that will save her son from state prison or by threats on his part to commit suicide does not in a legal sense constitute duress.   A threat to prosecute for an offence of which the party admits he is guilty is not legal duress to avoid a contract: ' Vosburgh v. Brewster, 5 Alb. L. J. 198.   ' A contract is not avoided by a threat of lawful imprisonment: ' Knapp v. Hyde, 60 Barb. 80.   The same doctrine prevails in Maine.   ' Mere threats of criminal prosecution where no warrant had been issued nor proceedings commenced do not constitute duress:' Higgins v. Brown, 78 Me. 473.

" In Thorn v. Pinkham et al., 24 Atl. 718 (S. C. Me.), it is contended that the note was obtained by duress and that the consideration was illegal.   Suppose the embezzler had been plainly told that, unless he paid or secured the amount that he had stolen, he would be prosecuted for the theft, and thereupon gave the note.   That would not have been duress.   It is not duress for one who believes that he has been wronged to threaten the wrongdoer with a civil suit; and if the wrong includes the violation of the criminal law, it is not duress to threaten him with a criminal prosecution.

" In Bodine v. Morgan, 37 N. J. Eq. 426, held, ' that threats of a lawful arrest do not constitute duress,' etc.

" We think under these decisions therefore there was nothing to submit to the jury.   (1) Because there was no evidence that Phillips had been constrained of his free will.   (2) If he was constrained it was not duress in law.   (3) His assignee cannot make the defence without Phillips's consent and acquiescence, for he might ratify and confirm the act."

*Error assigned* was directing verdict for plaintiff.

*Henry C. Boyer, John A. Clark* with him, for appellant, cited: Coke's Inst., lib. 3, c. 7, § 419; Ib., lib. 2, c. 48, § 483; Shep. Touch. 61; Williams v. Bayley, L. R. 1 H. L. 200; Seear v. Cohen, 45 L. T. R. 590; Riddle v. Hall, 99 Pa. 116; Taylor v. Jaques, 106 Mass. 291; Crabbs v. Lowle, 24 Am. St. R. 166; Foshay v. Ferguson, 5 Hill, 154; Richardson v. Duncan, 3 N. H. 508; Longbotham v. Longbotham, 2 Del. Co. R. 277; Hamilton v. Lockhart, 158 Pa. 452; McGrory v. Reilley, 2 W. N. 587, 8 W. N. 104; Griffith v. Sitgreaves, 90 Pa. 161; Swope v. Jefferson Fire Ins. Co., 93 Pa. 251; Bowen v. Buck, 2 Williams (Vt.) 308; Chubb v. Hutson, 18 C. B., N. S. 414; Collins v. Blantem, 1 Smith's L. C., 8th ed. 715, Prough v. Entrekin, 11 Pa. 81.

*James B. Holland* and *John M. Dettra*, for appellee, not heard, cited: Oak v. Dustin, 3 N. E. R. 614; Griffith v. Sit greaves, 90 Pa. 161; Lewis v. Bannister, 16 Gray, 500; 2 Kent, 6th ed. 453; Fairbank v. Snow, 5 N. E. R. 160; 6 A. & E. Ency. L., p. 64; Fulton v. Hood, 34 Pa. 365; Hilborn v. Buckman, 7 Atl. R. 272; Sieber v. Weiden, 24 N. W. R. 215; Harmon v. Harmon, 61 Me. 227; Norris's Peake's Ev. 440; Brant v. Brant, 17 Phila. 655; Pyle v. Pyle, 10 Phila. 58; Geier v. Shade, 109 Pa. 180; Riddle v. Hall, 99 Pa. 116; Rothermal v. Hughes, 134 Pa. 510; Act of March 31, 1860, P. L. 432; Wallace v. Hardacre, 1 Campbell, 45; Harding v. Cooper, 1 Starkie, 467; Stouffer v. Latshaw, 2 Watts, 165.

PER CURIAM, February 12, 1894:

The testimony in this case is far short of the kind of testimony which is necessary to make out the defence of " duress." There was no imprisonment or restraint of the body, no process of arrest against the party, no prosecution for any criminal offence instituted, no officer of the law ready to arrest, no threat of any kind made by this particular plaintiff and no threats by anybody made directly to the person affected.    There was only a threat to resort to criminal proceedings, made in another state to certain friends of the party, by counsel for certain creditors, and communicated by them to their principal.    Moreover, Phil-

lips, the party affected, is not setting up the defence or authorizing it to be done.    The defence is made by one who is merely an assignee for the benefit of creditors, and we are of opinion that such a person cannot plead this defence for the purpose of setting aside an otherwise legitimate transfer of property made by his assignor to pay an honest debt.    The opinion of the learned court below on the motion for a new trial contains the expression of sufficient reasons for the binding instruction to the jury to render a verdict for the plaintiff, and upon that opinion and the suggestions above made we affirm the judgment.

Judgment affirmed.